UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEHNAZ FAHIMIPOUR AND MOHAMAD FAHIMIPOUR | * <br> * <br> *   CIVIL ACTION NO. 21-2222 <br> * |
| VERSUS | *   SECTION: E <br> * |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | *   JUDGE SUSIE MORGAN <br> * <br> *   MAGISTRATE JANIS VAN <br> *   MEERVELD |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO TAX COSTS

**NOW INTO COURT,** through undersigned counsel, comes United Property & Casualty Insurance Company (hereinafter "UPC"), who offers the following reply to the Opposition Memorandum to Defendant's Motion to Tax Costs:

UPC filed a Motion to Confirm Tax Costs based on Fed. R. Civ. P. art. 54 on November 23, 2022 (R. Doc. 17). Plaintiffs subsequently filed a Memorandum in Opposition to this motion challenging a portion of the costs requested by UPC in its Motion to Tax Costs. Accordingly, UPC should be awarded the costs not mentioned by Plaintiffs in their Opposition, as they were not challenged by Plaintiffs and were necessarily incurred by UPC in the defense of this litigation.

Additionally, despite Plaintiffs' Opposition, UPC is also entitled to recover the necessary costs challenged by Plaintiffs. In their Opposition, Plaintiffs first contend that UPC is not entitled to recover the deposition attendance fee for their own expert, Toby Williams, despite having billed this invoice to UPC. Considering Plaintiffs have billed this fee to UPC and continue to hold UPC responsible for such fee, it is clear that this cost has indeed been incurred by UPC even though

they have not yet paid the invoice. Unless and until Plaintiffs stipulate that UPC is not responsible for this fee, UPC is entitled to recover this fee as a necessary cost to try the case.

Plaintiffs also argue that the costs of expediting the transcripts for the Plaintiffs' deposition and Mr. Williams' deposition were not necessary. Ultimately, the reason for expediting these transcripts was to obtain the transcripts in the small window of time given to both parties to complete discovery. As Plaintiffs are aware, this narrow window for the completion of discovery was caused by Plaintiffs' failure to timely answer UPC's discovery requests until just before the discovery deadline, coupled with their appointment of new counsel two months before trial. As such, the expediting of these transcripts was a necessity created by the Plaintiffs' delays.

Plaintiffs also contend that UPC is not entitled to recover the costs for removal of this case to this Court, because the case could have remained in the 24th Judicial District Court for the Parish of Jefferson. As was evidenced in UPC's Notice of Removal, this Court had jurisdiction over this claim due to the diversity of the parties and the amount in controversy and was therefore the proper setting for this litigation. Accordingly, removal to this Court was a necessary action in the course of this litigation.

Lastly, Plaintiffs allege that the witness and service fees for the home inspector, Daniel Paradela, and the selling agent, Sharon Kochera, were not necessary expenses, because they ultimately did not testify. Plaintiffs incorrectly state that UPC chose not to call Mr. Paradela at trial. In actuality, UPC attempted to serve Mr. Paradela on multiple occasions, and even retained a private investigator to locate him, but were ultimately unsuccessful. As to Ms. Kochera, UPC had every intention of calling her as a witness and incurred the costs to do so. However, upon learning that Plaintiffs would not be calling their own expert to refute the home inspection report and speak to the condition of the property, UPC made the decision to refrain from calling Ms.

Kochera for efficiency's sake.  However, as discussed above, the necessary witness and service fees for Mr. Paradela and Ms. Kochera were still incurred by UPC.

**WHEREFORE**, for the reasons set forth above, United Property & Casualty Insurance Company respectfully requests this Honorable Court grant its Motion to Tax Costs.

Respectfully submitted,

*/s/ John A. Doran*

**NICHOLAS P. ARNOLD – #31602**
narnold@bluewilliams.com
**JOHN A. DORAN – #39161**
jdoran@bluewilliams.com
**BLUE WILLIAMS, LLC**
3421 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
**Attorneys for Defendant, United Property & Insurance Company**

**CERTIFICATE OF SERVICE**

I hereby certify on the 12[h] day of December, 2022, that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ *John A. Doran*
  **JOHN A. DORAN**